1-09-2590 Mr. David Farfusser v. Bill Chalmers May it please the Court, Counsel. We're asking this Court to reverse the Commission on the issue of causation. That's the only issue in the case. The material facts regarding causation are undisputed. Therefore, you can rule as a matter of law if the only inference is that there's causation, then you can rule as a matter of law that causation was established. It wasn't anything to do with a prior condition? Pardon me? Didn't have anything to do with a prior condition that he had? Doesn't make any difference. Because even if he has a prior condition, there's no allegation that there was any intervening cause here. So under CISPRO and other cases, even if he has a preexisting condition, it's still compensable. Still has to be a cause of connection, doesn't it? Sure. You always have to have a cause of connection. Right. The work-related accident clearly under CISPRO has to aggravate or accelerate the preexisting condition. You still have to have something more than an accident, right? That's true. You've got to have something that causes the acceleration or causes the aggravation. True. And in this case, here's what we have. We have a gentleman who gave 20 years of heavy work as a diesel mechanic. He's not working on cars. He's working on the villages, snow plows, trucks. I mean, this is heavy stuff. You have to climb up on these things, under them, all that type of stuff. He had a preexisting back condition that he had for many years. That's stipulated to it. That's agreed. Okay. But he was always able to continue working even though he had a bad back. And I'm going to show you why that's significant. Then in about a seven-and-a-half-month period, he has four stipulated workers' comp accidents. In other words, to his low back, he had four accidents arising out of and in the course of his employment in a seven-month period, after having worked there for 20 years. And then within a matter of, like, three months, he has a fusion to his low back. And then never worked again as a mechanic. Well, I submit that that chain of events, that that temporal time period can establish causal connection. And that's where we rely on this case. What did Dr. Levin have to say? Pardon? What did Dr. Levin have to say? The trouble with Dr. Levin is this. Dr. Levin testifies that, quote, I found no evidence of any work-related injury. How can that be when the village stipulated that he had four work-related accidents? That's not quite what Dr. Levin said. He said there was no evidence that there was any work injury that caused or aggravated his condition. It was a preexisting condition. Work injury. He's assuming there's no work injury. He didn't say no work injury. He said there's no work injury that caused or aggravated his condition. That's what he said. He didn't say there was no work injury. I submit that that opinion is inconsistent with their stipulation. Wait a minute. Why? That's important. Is there not a difference legally and factually between a work-related accident and a work-related injury? Unless you're taking the position that every accident automatically means an injury. Do you see the subtle distinction? They can stipulate all day long there was some accident at work. That doesn't mean it necessarily results in an injury, does it? That's true. Okay. I mean, there is a subtle distinction there. That's true. That's true. In this case, it seems as though there is no intervening cause, though, except for these four work-related low back injuries. So you have a history. You have a preexisting condition. You then have, in a relatively short period of time, seven months, four work-related accidents. And then you'll have a surgery. I do not see why that sequence of events does not establish at least a cause, which we all know can establish a cause of connection. Well, the problem is, and there's a theory, I'm sure, as an experienced cop attorney, there is a line of cases that say you have a history of good medical, you know, without any preexisting conditions, a history of good health. You have accidents. And then you have a condition of ill-being. You can draw the legitimate inference that the accident was the cause of the ill condition of ill-being. But your problem here is you have a medical opinion that goes the opposite way, based on the preexisting history of the guy having a bad back. So the question is, what are you really hanging your head on here that would contradict the testimony of Levin? Well, I discount the contradiction. I do not. I interpret the testimony of Dr. Levin to be immaterial. Because, in my opinion, it addresses the issue not of cause of connection, but addresses the issue of whether it was a work-related accident or not. So he just assumes there's no work-related accident, therefore, no cause of it. That's all I have, Judge. Thank you. Counsel, please. Members of the Court, Mr. Growler, my name is Bob Alwick. I represent the village of Schaumburg. And I cannot imagine standing in front of this Court and arguing that the Workers' Compensation Commission decision is against the manifesto with the evidence when I produce absolutely no medical evidence. But that's what they're asking you to do. They put in records from Dr. White. There are no cause of connection opinions in Dr. White's records. They put in records from Dr. Rathie. There's no cause of connection opinion in Dr. Rathie's records. They put in Dr. York's records. There's no cause of connection in Dr. York's records. The first four exhibits in this case were the arbitrator's exhibits. They're the stipulation sheets, requests for hearing. On each one of those exhibits, there is a question. The petitioner claims there's a cause of connection between this accident and the subsequent condition of ill-being. Each exhibit I mark, we dispute. And for emphasis, I wrote in the words, we dispute cause of connection. It shouldn't have come as a surprise to them because they were at Dr. Levin's deposition when he said there was no cause of connection. Consider the preexisting condition. In April of 2000, he had x-rays that showed arthritis and spondylolisthesis in the back. In March of 2001, he was complaining of low back pain. In November of 2001, now November of 2001 is about two and a half months before the petitioner's first accident. In November of 2001, he goes to see a doctor and he says he was helping put a snowplow on a friend's all-terrain vehicle and he felt pain in his cervical and lumbar back. In January of 2002, January 29th of 2002, now we're getting just about a month or two months before the first accident, he's treating at the Schomburg Pain Treatment Center complaining of chronic intermittent low back pain. February 26th, 2002, this is still before he has any of his accidents for us. February 26th, he's at a pain treatment center complaining of intermittent low back pain. When he went to St. Alexia's Hospital where he had surgery, he gave this history, quote, has had problems on and off with my back for at least ten years. And with that, they say, Dr. Levin's opinion saying that this condition is related to that prior condition is inconsequential to them. What arrogance. These are the four accidents. June 10th, 2002, he's installing a thermostat. This is his testimony on direct examination. I felt a sharp pain, I adjusted myself, and then everything went away. We stipulated that accident, but how is that connected to a fusion a year later? A week later, he goes back to the Schomburg Pain Treatment Center, the same place he was treating before. Does he complain of low back pain? No. Do they diagnose low back pain? No. Do they recommend treatment for the low back? No. This is what they diagnose, cervical and shoulder pain. That's a week after the first accident that we stipulated to. What did they tell you about the other two accidents, the July 15th and the September 16th accidents? This is the entire line of questioning on those two accidents. Did you continue to have problems with your back in July and September of 2002? And his blunt answer was, off and on. That's what they told you about those two accidents. If I knew he was going to testify that way, I probably would have stipulated to two accidents. That brings us to the January 20th, 2003 accident. Now, they argued before this court that while he was able to work before these accidents and he can't work now, isn't that causal connection? After the January 20th, 2003 accident, he worked all of January. He worked all of February. He worked up until March 11th of 2003. Did he go back to the Schomburg Pain Treatment Center for those two months? No. No treatment, no lost time, no complaints to anybody. So where is the aggravation? Well, Dr. Levin said there was no aggravation. This is all related to what he's had for years and he's going to continue to have for years. Then we get to the surgery. The surgery wasn't to correct the herniated disc. This was the diagnosis on the operative report. L5-S1 degenerative joint disease. Degenerative joint disease. Exactly what Dr. Levin said he had and exactly what Dr. Levin said wasn't connected to any of these four events. They were temporary events. I think the commission got it absolutely right. They spent a lot of time in their brief on Sisbro and Durand. Sisbro is particularly interesting because in that case, there was a causal connection opinion that favored the petitioner and there was a causal connection opinion that favored the respondent. And the commission relied on one and discounted the other. That's exactly what they do. Here, he has not given this court the choice. I'll use the simplest terms. You recognize in Sisbro you stipulated there was an accident. You're saying even if that's the case, that an aggravation of a pre-existing condition is a legitimate means to arrive at a compensable award, there was no evidence to establish it aggravated a pre-existing condition. That's correct. That's the gist of your argument. That's the gist of my argument. Thank you. Counsel Rebuttal. One thing you have to keep in mind is that in workers' comp cases, that the condition of ill-being is not necessarily a physical condition, but it's an occupational disability. In other words, here's a fellow that worked and was able to work with that back, albeit in a bad condition, for 20-some years before he had these stipulated work-related accidents, and now he can't work. So it's a question of condition of ill-being is not necessarily a medical condition. It's a condition where the person is unable to perform his prior occupation. I think that you have to keep that in mind, and I think that's one of the lessons of Duran in those other cases, is that you have to be flexible in your analysis in these cases. Thank you very much. Thank you, counsel. The court will take the matter under advisement for disposition. Senate recess.